THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | | |
|---|---|---|
| ROBERTO BAPTISTE, <br> Plaintiff, <br><br> v. <br><br> ALEJANDRO MAYORKAS, Secretary of <br> U.S. Department of Homeland Security, <br> Defendant. | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * | Civil Action No. <br><br><br> JURY DEMANDED |

## COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff ROBERTO BAPTISTE, in the above numbered and entitled case, complains of ALEJANDRO MAYORKAS, SECRETARY, DEPARTMENT OF HOMELAND SECURITY (Hereafter, "DHS" or "Defendant" and/or "Agency"), Defendant in the above numbered and entitled case, and for cause(s) of action would respectfully show unto the Court and jury as follows:

### I. PARTIES

1. Plaintiff, ROBERTO BAPTISTE, a Black/Haitian-American, is a citizen of the United States, was employed as a Supervisory Customs and Border Protection Officer (GS-1895-13), Course Developer Instructor (CDI), Department of Homeland Security-U.S. Customs and Border Protection, at the Agency's Field Operations Academy in Glynco, GA, during the time-period wherein the present cause of action accrued. ROBERTO BAPTISTE has been employed by the DEPARTMENT OF HOMELAND SECURITY AND ITS LEGACY AGENCIES from December 2007 to present.

ROBERTO BAPTISTE is a federal employee within the meaning of Section 701(f) and Section 717(a) of Title VII, 42 U.S.C. Sec. 2000e(f) and 16(a) and at all relevant times was a

1

federal employee. ROBERTO BAPTISTE (Hereafter "ROBERTO") was a resident of the city of Brunswick, Georgia during the relevant period of his legal claims.

2. Defendant ALEJANDRO MAYORKAS is the SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY, which is an agency of the United States government. Defendant does business at the United States Department of Homeland Security, 3801 Nebraska Ave, NW, Washington, DC 20016. Defendant ALEJANDRO MAYORKAS is sued in his official capacity as SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY, and as such, is amenable to suit as provided in Section701(f) and Section 717(a) of Title VII, 42 U.S.C. Sec. 2000e(f) and 16(a) and may be served by serving Secretary, ALEJANDRO MAYORKAS.

## II. JURISDICTION

3. This action arises under Title VII of the Civil Rights Act of 1964, Section 701 et. seq., as amended, 42 U.S.C.A. 2000e, et. seq., 29 C.F.R. 1614 *et.seq.*, and 28 U.S.C. Section 1346.

4. All of the necessary administrative prerequisites have been met prior to filing the instant action, as Plaintiff has filed timely complaints of discrimination and retaliation with his federal employer, the Department of Homeland Security, and brings his claims more than 180 days after he filed his complaints.

5. The Southern District of Georgia is where the actions complained of in the present case took place and where the employment records relevant to the unlawful practices are kept.

6. The jurisdiction of the Court is invoked pursuant to 28 US.C. § 1343(a)(4) and 42 U.S.C. § 2000E-5 (2012).

## III. VENUE

7.     Venue is appropriate in this District pursuant to 28 U.S.C. §1391 and 42 U.S.C. 2000e-5(f)(3), because the Defendant resides in this judicial district and a substantial part of the events giving rise to this action took place within this judicial district.

## IV. FACTS

8.     Baptiste began his employment with the Defendant on or about December 6, 2007, as a U.S. Border Patrol Agent.

9.     On or about July 23, 2018, Baptiste began working as a Supervisory Customs and Border Protection Officer, Course Developer Instructor (CDI) at Defendant's mock port of entry for the Field Operations Academy, in Glynco, GA, under the supervision of then Watch Commander Joshua St. Denis (White/Caucasian).

10.    On or about August 2018, Baptiste first met CBP Officer Ms. Gabriela Ortega (Hispanic), along with a big group of "Use of Force and Basic Training" TDY Instructors, during their on-boarding. Baptiste interacted in a professional capacity with Ms. Ortega and the rest of the group.

11.    From on or about August 2018 to October 2018, Baptiste's interactions with Ms. Ortega were mostly work related and professional.

12.    From on or about October 25, 2018 to November 8, 2018, Baptiste's relationship with Ms. Ortega became more than professional as they entered in to a *consensual* romantic relationship. The romantic relationship began with sexual and flirtatious communications via "Snapchat" and on "WhatsApp."

13.    On or about November 2, 2018, Ms. Ortega sent Baptiste a picture of her naked breasts via Snapchat.

14. On or about November 5, 2018, Baptiste had a consensual sexual encounter with Ms. Ortega at his office.

15. On or about November 8, 2018, Ms. Ortega came to Baptiste's office, and to his surprise, abruptly ended their consensual romantic relationship.

16. From on or about August 2018 to on or about November 2018, Watch Commander Joshua St. Denis referred to Baptiste as the "Haitian dictator" and "angry black man," and also requested that Baptiste quote an actor's lines, from the movie "Bad Boys II", with a Haitian accent.

17. On or about November 2018, Mr. St. Denis contacted Ms. Ortega to orchestrate fabricated sexual assault charges against Baptiste.

18. On or about November 2018, Baptiste's badge and credentials were revoked, and he was placed on administrative duties by Mr. St. Denis, following the false allegation of sexual assault. Ultimately, Baptiste was placed in the demeaning role of administrative duties from on or about November 2018 until on or about February 2020.

19. On or about December 2019, Mr. St. Denis came to the warehouse where Baptiste was on administrative duties, and commented, with a sarcastic smirk on his face, that Baptiste must love working at the warehouse and that he wished he could trade places with Baptiste.

20. From on or about February 2019 to on or about July 2019, Baptiste learned from SCBPO Carlos Almanza that Mr. St. Denis referred to Baptiste as a "dumbass" to other supervisors, and disparaged Baptiste by claiming that Baptiste caused an embarrassment to the Academy.

21. On or about February 10, 2019 and February 11, 2019, Mr. St. Denis contacted Baptiste's wife, without Baptiste's permission, and told her that he had Baptiste's keys. Mr. St. Denis also spoke to Baptiste's wife about Baptiste's body armor and stated that she could contact

him if she needed anything.

22. On or about February 18, 2020, via a letter from Deputy Assistant Commissioner Paul Baker, Baptiste was suspended indefinitely based upon the false charge of, "Reasonable Cause to Believe That You Have Committed a Crime for Which a Sentence of Imprisonment May Be Imposed." As of the date of this federal complaint Baptiste remains suspended without pay.

23. On information and belief, Baptiste asserts that the Defendant acted willfully, with malice and in reckless disregard of Baptiste's rights and welfare.

24. Defendant, through its subordinates, also retaliated against Baptiste for engaging in the EEO process in violation of Title VII.

## V. CAUSES OF ACTION

25. Baptiste incorporates the preceding and proceeding paragraphs into this paragraph by reference. The above described facts constitute retaliation for engaging in the administrative EEO process and discrimination based on Baptiste's race (Black/Haitian American) and national origin (Haiti), in violation of Title VII. Defendant's reasons for subjecting Baptiste to a hostile work environment, demoting Baptiste to administrative duties, manufacturing false charges of sexual assault and suspending Baptiste indefinitely were motivated by and/or because of his race and national origin, as well as being in retaliation for Baptiste's opposition to such unlawful conduct.

26. Baptiste incorporates the preceding and proceeding paragraphs into this paragraph by reference. Defendant's discriminatory and retaliatory conduct violates Title VII. Baptiste is suffering and will continue to suffer irreparable injury as a result of the acts of the Defendant.

## VI.  DAMAGES

27. Baptiste's claims of discrimination and retaliation are within the jurisdictional limits of this Court.

28. Baptiste incorporates the preceding and proceeding paragraphs into this paragraph by reference. The conduct described above proximately caused actual and compensatory damage to Baptiste, including but not limited to lost wages, benefits, humiliation and emotional distress, physical pain and suffering, medical services and medications in the past and in the future, damage to his personal reputation, damage to his professional reputation, damage to his earning capacity, and damage to his enjoyment of life.

29. Baptiste is entitled to recover reasonable attorney fees pursuant to EAJA 28 U.S.C. § 2412(b) and Title VII.

### PRAYER FOR RELIEF

30. WHEREFORE, Baptiste requests that this Honorable Court advance this case on the docket, order a jury trial at the earliest practical date, and grant Baptiste the following relief pursuant to all federal law and statutes cited in the preceding and proceeding paragraphs, including, but not limited to the following:

   (a) Grant. Baptiste a permanent injunction enjoining Defendant, it's agents, successors, employees, and those acting in consort with Defendant, from continuing to violate Baptiste's rights;

   (b) Issue an order requiring Defendant to promote Baptiste to a higher position to which he is entitled by virtue of his responsibilities and qualifications or

          award front pay if such promotion is not feasible;

(c)     Issue an order awarding Baptiste back pay, fringe benefits, and any other appropriate relief necessary to make Baptiste whole and compensate him for the civil rights violations described above;

(d)     Award Baptiste compensatory/mental anguish damages;

(e)     Award Baptiste prejudgment and post-judgment interest as allowed by law;

(f)     Award Baptiste attorney fees and costs of this suit;

(g)     Award Baptiste such other legal and equitable relief as this Court deems just and proper;

(h)     Award Baptiste damages requested in part VI of this Complaint;

(i)     Award Baptiste all other relief, in law and equity, to which Baptiste may be entitled.

Dated this 16th day of May 2022.

Respectfully submitted,

_____
Roberto Basptiste
2279 Dardanelle Dr.
Orlando, FL 32808
Tel. No. (407) 473-0232
E-mail: robertobaptiste@gmail.com
**Pro Se Plaintiff**



ROBERTS BAPTISTE
227 DORRANVILLE DR
ORLANDO, FL 32808
UNITED STATES US

TO  CLERK OR THE SOUTHERN DIST
OF GEORGIA
801 GLOUCESTER ST

BRUNSWICK GA 31520
(555) 555-5555    REF:



FedEx
Express

E

TRK# 2731 9352 9276     TUE – 17 MAY 10:30A
0201                    PRIORITY OVERNIGHT

XG BQKA        31520
        GA-US  JAX

